Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Christina Thompson, SBN 294505
christina@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HALLMARK RETAIL, LLC, a Missouri Limited Liability Company; and DOES 1 through 10.<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br><br>**2. CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

-1-
**COMPLAINT – Jury Demand**

Plaintiff L.A. Gem & Jewelry Design, Inc. ("LA Gem") by and through its undersigned attorney, sues Defendant Hallmark Retail, LLC and Does 1-10 and alleges:

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States and the Copyright Act of 1976 (17 U.S.C. § 101, *et seq.*), and as such, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), (c), and 1400(a) because Defendant conducts business in this District by advertising in and shipping goods to this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

3. Plaintiff LA Gem is a California corporation having a place of business at 659 S. Broadway, Los Angeles, California 90014. LA Gem also provides services and goods under its LA Rocks service mark and trademark.

4. Upon information and belief, Defendant Hallmark Retail, LLC ("Hallmark") is a Missouri Limited Liability Company with its principal place of business located at 2440 Pershing Road, Suite 200, Kansas City, MO 64108 and Hallmark does business in and with the State of California and, in particular, within this District.

5. LA Gem is informed and believes, and on that basis alleges, that Defendants Does 1 through 5, inclusive, are manufacturers and/or vendors of jewelry, and have manufactured and/or supplied, and/or are manufacturing and/or supplying, jewelry improperly incorporating LA Gem's copyrighted design(s) (as hereinafter described) without LA Gem's knowledge or consent, or are otherwise liable for secondary copyright infringement. The true names, whether corporate, individual, or otherwise of Does 1 through 5, inclusive, are presently unknown to LA Gem, and therefore, are being sued by such fictitious names, and LA Gem will seek leave to amend this Complaint to include

their true names and capacities when the same have been ascertained.

6. Defendants Does 6 through 10, inclusive, are other parties not yet identified who have infringed LA Gem's copyrights, have contributed to the infringement of LA Gem's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise of Does 6 through 10, inclusive, are presently unknown to LA Gem, and therefore, are being sued by such fictitious names, and LA Gem will seek leave to amend this Complaint to include their true names and capacities when the same have been ascertained.

7. LA Gem is informed and believes, and on that basis alleges, that at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of LA Gem's rights and the damages to LA Gem proximately caused thereby.

## FACTS COMMON TO ALL COUNTS

8. LA Gem is a designer and creator of jewelry whose jewelry pieces are sold by numerous national retailers.

9. LA Gem is the designer and creator of the original artwork (as hereinafter described), all prior to Defendant's conduct complained of herein.

10. Upon information and belief, Defendant Hallmark is a retailer, manufacturer, and/or distributor of jewelry to the jewelry industry, and is in the business of manufacturing, marketing, and selling jewelry products that are available for purchase and use across the United States, including in this District.

## COMMON ALLEGATIONS RELATED TO
## SUBJECT DESIGNS

11. In 2010, LA Gem created its original Love Grows Jewelry Design Collection #1, samples of which are pictured below:



12. Thereafter, LA Gem registered the above design with the United States Copyright Office on February 7, 2011 as Registration No. VAu 1-057-296.

13. In 2010, LA Gem created its original Love Grows Pendant, as pictured below:



14. Thereafter, LA Gem registered the above design with the United States Copyright Office on January 6, 2011 as Registration No. VA 1-755-726.

15. In 2011, LA Gem created its original design entitled LA Rocks Love Grows: 441737, as pictured below:



16. Thereafter, LA Gem sought to register the above design with the United States Copyright Office on November 22, 2013 as Registration No. VA 1-889-397.

17. In 2013, LA Gem created its original LA Rocks Love is Forever jewelry design, as pictured below:

18. Thereafter, LA Gem registered the above design with the United States Copyright Office on November 27, 2013 as Registration No. VA 1-889-840.

19. At all relevant times, LA Gem complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq*., and secured the exclusive rights and privileges in and to the above designs ("Subject Designs"). The Subject Designs are original work copyrightable under the Copyright Act, and have been registered in full compliance with the Copyright Act.

20. Since the creation of the Subject Designs, LA Gem has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights therein and Certificates of Registration corresponding therewith.

21. Since their creation, the Subject Designs have been manufactured and/or distributed by LA Gem or under its authority.

22. LA Gem has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Subject Designs or any jewelry products substantially similar thereto.

23. Upon information and belief, Defendant has engaged in the marketing, manufacture, distribution, duplication, and/or sale of infringing copies of the Subject Designs.

24. Upon information and belief, Defendant has sold unauthorized and infringing copies of at least the Subject Designs, which bear a design that is substantially similar – if not strikingly similar – to the authentic Subject Designs at retail, at wholesale,

and through retailers. All of the foregoing acts occurred without LA Gem's consent.

25. Upon information and belief, Defendant has sold the unauthorized infringing copies of the Subject Designs to the public, including customers in this district, at retail, at wholesale, and through retailers, including but not limited to Amazon.

## First Cause Of Action

(Copyright Infringement)

26. LA Gem hereby realleges and incorporates the allegations in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendant's jewelry depicted below constitutes infringement of LA Gem's copyrights in the Subject Designs in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.



28. LA Gem is informed and believes that Defendant's manufacture, distribution, duplication and/or sale of infringing copies of LA Gem's Subject Designs was intentional and willful without regard to LA Gem's proprietary rights.

29. Defendant's copyright infringement has caused, and will continue to cause LA Gem to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyrights in LA Gem's Subject Designs and further, has damaged LA Gem's business reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined. In addition, LA Gem is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively,

LA Gem is entitled to recover statutory damages, on election by LA Gem in an amount of up to $150,000 per copyright registration.

30.     Defendant's copyright infringement and the threat of continuing infringement has caused, and will continue to cause, LA Gem repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford LA Gem adequate relief at law for Defendant's acts and continuing acts.  LA Gem's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant.  Therefore, LA Gem is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of LA Gem's Subject Designs, and all molds by which such infringing copies were produced, be seized, impounded, and destroyed.

31.     LA Gem is also entitled to recover its attorneys' fees and cost of suit pursuant to 17 U.S.C. § 505.

## Second Cause of Action
(Contributory and/or Vicarious Copyright Infringement)

32.     LA Gem hereby realleges and incorporates the allegations in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     LA Gem is informed and believes, and thereon alleges, that Defendant knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, importation, purchase, distribution, and/or sale of products bearing LA Gem's Subject Designs as alleged in this Complaint.

34.     LA Gem is informed and believes, and thereon alleges, that Defendant is vicariously liable for the copyright infringement alleged in this Complaint because it had the right and the ability to supervise such infringement and because it had a direct financial interest in the infringing conduct.

35.     By virtue of Defendant's contributory and/or vicarious copyright

infringement, LA Gem has suffered substantial damages to its business in an amount to be established at trial.

36. By virtue of Defendant's contributory and/or vicarious copyright infringement, LA Gem has suffered general and special damages in an amount to be established at trial.

37. By virtue of Defendant's contributory and/or vicarious copyright infringement, Defendant has obtained direct and indirect profits that it would not have realized but for its infringement of LA Gem's Subject Designs. As such, LA Gem is entitled to disgorgement of Defendant's profits that are directly and indirectly attributable to their acts of infringement in an amount to be established at trial.

38. LA Gem is informed and believes, and thereon alleges, that Defendant has continued to import, manufacture, cause to be manufactured, and/or sell the infringing product with knowledge that such acts violated LA Gem's intellectual property rights. Therefore, Defendant's acts of copyright infringement as alleged above, were and continue to be, willful, intentional, and malicious, subjecting Defendant to liability for statutory damages under 17 U.S.C. § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per each act of infringement. Further, Defendant willfully and intentionally misappropriated, palmed-off, and/or infringed LA Gem's Subject Designs, which renders Defendant liable for statutory damages as described above. Within the time permitted by law, LA Gem will elect between actual or statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LA Gem prays for judgment against Defendant as follows:

A. That the Court enter a judgment against Defendant that Defendant has infringed the rights of LA Gem in LA Gem's federally registered copyrights under 17

1  U.S.C. § 501.

2       B.    That the Court issue a Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

      i.    manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that is substantially similar to LA Gem's Subject Designs;

      ii.    destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

      iii.    engaging in any other activity constituting an infringement of LA Gem's copyrights of LA Gem's Subject Designs.

     C.    That LA Gem be awarded damages for Defendant's copyright infringement either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of LA Gem's copyrights; or (ii) statutory damages in an amount provided by law, as set forth in 17 U.S.C. § 504, at LA Gem's election before the entry of final judgment, together with prejudgment and post-judgment interest.

     D.    That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using LA Gem's Subject Designs or any other jewelry that infringes LA Gem's copyrights.

     E.    That the Court award LA Gem its reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

1  F. That the Court award LA Gem its costs of suit incurred herein.

2  G. That LA Gem be awarded such other relief as may be appropriate.

3

4  Dated: October 4, 2016                     Respectfully submitted,

5                                             **MILORD & ASSOCIATES, P.C.**

6

7                                             /s/ Milord A. Keshishian
                                              Milord A. Keshishian
8                                             Attorneys for Plaintiff
9                                             L.A. GEM & JEWELRY DESIGN, INC.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

## **DEMAND FOR JURY TRIAL**

Plaintiff, through its attorneys of record, hereby demands trial by Jury.

Dated:  October 4, 2016                               **MILORD & ASSOCIATES, P.C.**


/s/ Milord A. Keshishian

Milord A. Keshishian
Attorneys for Plaintiff
L.A. GEM & JEWELRY DESIGN, INC.